UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:15-CV-160-TBR

PEGGY SHINNICK                                              PLAINTIFF

v.

RAM KABIR, LLC                                              DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant's motion for summary judgment. (DN 12). Plaintiff has responded. (DN 17). Defendant has replied. (DN 18). This matter is now ripe for adjudication. For the following reasons, Defendant's motion for summary judgment is DENIED.

BACKGROUND

This action arises out of Plaintiff Gilbert Dagraedt's fall while walking down steps at the Super 8 Motel in Cadiz, Kentucky. Dagraedt, an elderly man, reached for a handrail while attempting to descend the lobby steps. The handrail gave way. Dagraedt fell and injured his left hip, resulting in a partial hip replacement. Plaintiff claims that Defendant Ram Kabir, LLC, which owns the Super 8 Motel, was negligent in failing to maintain the handrail.

Dagraedt fell on July 8, 2013. Peggy Shinnick, Dagraedt's daughter and power of attorney, filed this action on July 7, 2015. Ram Kabir, LLC moves to dismiss Plaintiff's claim on the grounds that it was filed outside the one-year statute of limitations. Plaintiff argues the statute of limitations should be tolled because Dagraedt was of unsound mind when the incident occurred.

1

STANDARD

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of her position; she must present evidence on which the trier of fact could reasonably find for her. *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "[T]he mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996), *abrogated on other grounds by Lewis v. Humboldt Acquisition Corp., Inc.*, 681 F.3d 312 (6th Cir. 2012).

DISCUSSION

The sole issue before the Court is whether the statute of limitations should be tolled in this case. The parties agree that Dagraedt fell on July 8, 2013. Kentucky law requires that a personal injury case "be commenced within one (1) year after the cause of action accrued." KRS § 413.140(1)(a). Plaintiff did not file this action until July 7, 2015, which is more than one year after the statute of limitations elapsed. Plaintiff argues the statute of limitations should be tolled because Dagraedt was of unsound mind at the time of the incident.

Kentucky Revised Statutes § 413.170(1) states:

> If a person entitled to bring any action mentioned in KRS 413.090 to 413.160, except for a penalty or forfeiture, was, at the time the cause of action accrued, an infant or of unsound mind, the action may be brought within the same number of years after the removal of the disability or death of the person, whichever happens first, allowed to a person without the disability to bring the action after the right accrued.

Stated more simply, the statute of limitations is tolled if Dagraedt "was of unsound mind 'at the time the cause of action accrued.'" *Powell v. Jacor Communs. Corporate*, 320 F.3d 599, 603 (6th Cir. 2003) (*quoting* Ky. Rev. Stat. § 413.170(1)). "The term 'unsound mind' within the meaning of K.R.S. § 413.170 has been interpreted by the Kentucky Supreme Court to mean that the person claiming the disability must show that he or she has been rendered incapable of managing his or her own affairs." *Osborne v. Quesenberry*, 2005 U.S. Dist. LEXIS 27018 *11-12 (E.D. Ky. 2005) (citing *Southeastern Kentucky Baptist Hosp. v. Gaylor*, 756 S.W.2d 467 (Ky. 1988). This does not, however, require that the person be insane or adjudged as such. *Green v. Floyd County*, 803 F. Supp. 2d 652, 654 (E.D. Ky. 2011); *Carter v. Huffman*, 262 S.W.2d 690, 692 (Ky. 1953).

The burden is on the Plaintiff to "prove facts that would toll the statute" of limitations. *Osborne*, 2005 U.S. Dist. LEXIS 27018 at *11. If the Plaintiff provides sufficient facts, then a jury must decide whether Dagraedt was of such unsound mind as to warrant tolling the statute of limitations. *Carter*, 262 S.W.2d at 692 ("it is well established that the existence of mental disability under [KRS 413.170] is a question of fact"); *see e.g. Clark's Ex'r v. Trail's Adm'rs*, 58 Ky. 35, 41 (1858); *Logan v. Vanarsdall*, 86 S.W. 981, 981 (Ky. 1905); *Wigginton's Ex'r v. Wigginton*, 194 Ky. 385, 239 S.W. 455, 461 (1922); *Justice v. Stevens*, No. 2005-CA-001218-MR, 2006 WL 2988221, at *3 (Ky. Ct. App. Oct. 20, 2006) (citation omitted).

Dagraedt is an 86-year-old man. After high school, Dagraedt served in the Army during the Korean War. Dagraedt retired from a job working maintenance at a factory almost thirty years ago. For the past fifteen or twenty years, Dagraedt has lived nine months out of the year with his sister, Mary Dagraedt, at her condo in Florida. Dagraedt returns to his home in Utica, Illinois for three months out of the year, where he lives by himself in a mobile home. Dagraedt receives Social Security benefits and also receives support from his family. Dagraedt and his sister drive between Florida and Illinois together. It was on one such trip that Dagraedt fell while staying at the Super 8 Motel in Cadiz, Kentucky.

Plaintiff relies on affidavits of Dagraedt's three children to support the claim that Plaintiff has an unsound mind to warrant tolling the statute of limitations. (DN 17-1, 17-2, 17-3). Each of Dagraedt's children express their opinion that Dagraedt is unable to attend to his own affairs. Dagraedt does not bathe, shave, do laundry, or change his clothes. He wears adult diapers. While he throws these away, he does not empty the garbage. His trailer is dirty and infested with mice. Although Dagraedt requests that ingredients be brought to him, he does not cook. He is reclusive and will order family members away when they come to visit. However, he relies on family members to clean his trailer, provide him with food, and assist him with medication. He also relies on family members to sort his mail and assist him with paying bills. His children state that he will occasionally clean himself up and begin communicating, but these spurts are accompanied by over-spending and unrealistic behavior. Dagraedt resists their efforts to provide him with mental health care.

Plaintiff also relies upon the affidavit of Dagraedt's sister Mary Dagraedt. (DN 17-4). In addition to housing her brother, she has provided financial support to him. She has observed his irrational spending habits, such as paying $2,000 for products on an infomercial using her credit

4

card.  She has also observed his reclusiveness, as Dagraedt would avoid interacting with her while they lived together.  She states that her brother fails to employ basic hygiene and displays a lack of self-concern for his physical and mental well-being.  She claims Dagraedt as a dependent on her income taxes.

In contrast, Defendant argues that during his deposition, Dagraedt was able to recall several specific details from his life.  At times Dagraedt provided expansive answers and, though occasionally struggling with details, could retrace the events leading up to his accident and the treatment he received for his injuries.  Dagraedt understood the purpose of this lawsuit and expressed his hope that he would recover money.  While Dagraedt could not recall his full medical history, he discussed his congestive heart failure, hip surgeries, and other medical history at length.  Dagraedt also recalled an unrelated automobile accident approximately ten years prior with some specificity.  Dagraedt stated he takes nine different medications a day and does so by following the instructions on each bottle.  (DN 17-5, p. 25).  He understood that one of his daughters had access to his checking account and assists him in paying his bills.  Dagraedt also stated that he paid the bills on his trailer when he was in Florida "because, through the winter, you have to have your heat on and the electricity and stuff like that on. . . . otherwise everything would freeze up."  (DN  17-5).

The Court finds that, although the Defendant has shown that Dagraedt could be capable of managing his affairs, the Plaintiff has presented sufficient evidence to raise a factual dispute. The Plaintiff has presented substantially more evidence than those cases in which courts have dismissed a claim for equitable tolling.  For instance, in *Gaylor* the Kentucky Supreme Court held that a plaintiff failed to submit sufficient evidence where the only proof was a letter stating the plaintiff had hysteria and was depressed.  *Se. Kentucky Baptist Hosp., Inc. v. Gaylor*, 756

S.W.2d 467, 469 (Ky. 1988) ("There is no other proof by the respondent, Mrs. Gaylor; there is no deposition by Dr. Briscoe; and there is no evidence from other witnesses which would indicate that Mrs. Gaylor was of such unsound mind as to render her incapable of managing her own affairs."). Similarly, the plaintiff in *Quesenberry* claimed to have suffered emotional distress after a small airplane crashed into her house. 2005 U.S. Dist. LEXIS 27018. The *Quesenberry* court denied her request for equitable tolling, finding that she returned to work eight days after the incident, completed an inventory of her home for the insurance company, purchased a new home, and had her treating physician and a psychiatrist testify that there was no evidence that she suffered from an unsound mind. *Id*. at *11-12. Conversely, in this case the Plaintiff has come forward with affidavits from each person who plays a substantial role in Dagraedt's life. Collectively, they describe an individual which a jury could reasonably conclude is unable to manage his own affairs. Accordingly, the Court will deny Defendant's motion for summary judgment.

## CONCLUSION

IT IS HEREBY ORDERED that, for the foregoing reasons, Defendant's motion for summary judgment (DN 12) is DENIED.

cc:  counsel of record