UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:15-CV-00160-TBR

PEGGY A. SHINNICK, *et. al.*,                                                        Plaintiffs

v.

RAM KABIR, LLC,
d/b/a SUPER 8 MOTEL                                                                  Defendant

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Ram Kabir, LLC d/b/a Super 8 Motel's First Motion in Limine Regarding Insurance. [DN 22.] Plaintiffs Peggy A. Shinnick and Gilbert Gagraedt did not respond. This matter is now ripe for adjudication. For the following reasons, Defendant's motion is GRANTED.

### BACKGROUND

This matter arises out of the alleged fall of Plaintiff Gilbert Dagraedt at Defendant's hotel in Cadiz, Kentucky. The sole issue for trial is whether Plaintiff was of "unsound mind" at the time of the alleged fall, which would toll the statute of limitations codified in KRS § 413.170 and allow Plaintiff to proceed with this action against Defendant. Further detail may be found in this Court's Memorandum Opinion and Order denying Defendant's motion for summary judgment. [DN 19.]

### STANDARD

Using the inherent authority to manage the course of trials before it, this Court may exclude irrelevant, inadmissible, or prejudicial evidence through *in limine* rulings. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)); *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013); *Mahaney ex rel. Estate of Kyle v. Novartis Pharm. Corp.*,

1

835 F. Supp. 2d 299, 303 (W.D. Ky. 2011). Unless such evidence is patently "inadmissible for any purpose," *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997), though, the "better practice" is to defer evidentiary rulings until trial, *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975), so that "questions of foundation, relevancy and potential prejudice may be resolved in proper context," *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010). A ruling *in limine* is "no more than a preliminary, or advisory, opinion." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38). Consequently, the Court may revisit its *in limine* rulings at any time and "for whatever reason it deems appropriate." *Id.* (citing *Luce*, 713 F.2d at 1239).

## DISCUSSION

Defendant seeks an "Order prohibiting the parties from discussing the presence or absence of liability insurance in the instant case. Defendant raises this matter due to plaintiff's deposition testimony wherein he indicated that he was seeking insurance money to have further medical procedures done." [DN 22 at 1.]

Federal Rule of Evidence 411 provides:

> Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully. But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control.

Fed. R. Evid. 411. In reliance on this Rule, Defendant claims that, as "[t]here is no question of agency, ownership, or control of the premises" at issue in this case, the Court should prohibit all mention of liability insurance. [DN 22 at 1.]

To the extent Plaintiff may seek to introduce the existence of liability insurance as a means of proving that Defendant was negligent or acted wrongfully, the Court agrees such

3

evidence must be excluded pursuant to FRE 411. The Court will therefore grant Defendant's motion on that basis. However, should some other purpose arise at trial for which evidence of Defendant's liability insurance may be admissible under Rule 411, the Court will defer its ruling on those issues until that time.

## CONCLUSION

For the reasons stated herein, Defendant's first motion in limine regarding insurance [DN 22] is GRANTED.

IT IS SO ORDERED.


cc:     Counsel of Record