UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:15-CV-00160-TBR

PEGGY A. SHINNICK, *et. al.*,                                Plaintiffs

v.

RAM KABIR, LLC,
d/b/a SUPER 8 MOTEL                                          Defendant

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Ram Kabir, LLC d/b/a Super 8 Motel's Second Motion in Limine. [DN 23.] Plaintiffs Peggy A. Shinnick and Gilbert Gagraedt responded. [DN 31.] This matter is now ripe for adjudication. For the following reasons, Defendant's motion is GRANTED.

BACKGROUND

This matter arises out of the alleged fall of Plaintiff Gilbert Dagraedt at Defendant's hotel in Cadiz, Kentucky. The sole issue for trial is whether Plaintiff was of "unsound mind" at the time of the alleged fall, which would toll the statute of limitations codified in KRS 413.170 and allow Plaintiff to proceed with this action against Defendant. Further detail may be found in this Court's Memorandum Opinion and Order denying Defendant's motion for summary judgment. [DN 19.]

STANDARD

Using the inherent authority to manage the course of trials before it, this Court may exclude irrelevant, inadmissible, or prejudicial evidence through *in limine* rulings. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)); *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013); *Mahaney ex rel. Estate of Kyle v. Novartis Pharm. Corp.*,

1

835 F. Supp. 2d 299, 303 (W.D. Ky. 2011). Unless such evidence is patently "inadmissible for any purpose," *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997), though, the "better practice" is to defer evidentiary rulings until trial, *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975), so that "questions of foundation, relevancy and potential prejudice may be resolved in proper context," *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010). A ruling *in limine* is "no more than a preliminary, or advisory, opinion." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38). Consequently, the Court may revisit its *in limine* rulings at any time and "for whatever reason it deems appropriate." *Id.* (citing *Luce*, 713 F.2d at 1239).

## DISCUSSION

Defendant requests that this Court enter an "Order prohibiting plaintiff's witnesses from testifying as to any specific medical diagnosis suffered by the plaintiff, Gilbert Dagraedt." [DN 23 at 1.] Defendant contends that the only manner in which evidence of Plaintiff Dagraedt's medical diagnoses may be admitted is through the testimony of an expert witness qualified to testify under Federal Rule of Evidence 702. [*Id.*] Defendant further states that, none of the witnesses Plaintiffs have disclosed in preparation for trial are experts within the meaning of Rule 702, and therefore they should not be permitted to testify as to medical diagnoses. [*Id.*]

In response, Plaintiffs contend that the witness testimony they intend to offer at trial is admissible as lay witness opinion testimony pursuant to Rule 701. [DN 31 at 1–3.] That Rule provides:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
> **(a)** rationally based on the witness's perception;

> **(b)** helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
>
> **(c)** not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701. Plaintiffs state in their response that they intend to offer the opinion testimony of four lay witnesses, whose affidavits were attached to the complaint [DN 1], at trial. [DN 31 at 2.] The first three are Plaintiff Dagraedt's children: Kathy Rossi, Plaintiff Peggy Shinnick, and Mark Dagraedt. [DN 1-2; 1-3; 1-4.] The fourth witness is Mary Dagraedt, Plaintiff Dagraedt's younger sister. [DN 1-5.] Plaintiffs further explain that each of the four witnesses will

> offer an opinion that Gilbert Dagraedt has been unable to manage his personal hygiene and his business affairs for the last 10 years, and Gilbert is depressed in his behavior, but they are not speaking as anyone with medical training. This opinion, especially with the 20 years of observations as a basis, does not offend FRE 701.

[DN 31 at 2.] In their affidavits, each of the four witnesses make such statements as "[Gilbert Dagraedt] will not bath, shave, or change clothes," that he "resists . . . medical and personal assistance," "[w]hen he is left on his own, he is not capable of caring for his own personal well-being and basic upkeep of his residence and personal matters," he has not changed his bed linens since I changed them for him in December 2014," "he isolates himself to his room," this "pattern of isolation with brief emergences has been repeated over at least the past fifteen years," "he does not address the mail and it piles up," "[h]e is dependent on family members for food, for money, and for taking care of his business," "[h]e hordes food containers and will reuse the same dirty dishes to eat off of," and that Mary Dagraedt claims him as a dependent on her federal income taxes and financially supports him. [*See* DN 1-2; 1-3; 1-4; 1-5.] The Court finds, and Defendants do not dispute, that these observations are of the sort "rationally based on the witness's perception" as required under Rule 701(a).

3

However, each of the four witnesses additionally state in their affidavit that, based upon these observations and contacts with Gilbert Dagraedt over several years, they believe "that he has suffered from a severe mental condition which has interfered with his ability to function and attend to his business and personal affairs" and that it is their "opinion that he lacks mental competency and is incapable of managing his business and personal affairs." [*See* DN 1-2; 1-3; 1-4; 1-5.] The issue, as Defendant points out in its motion, is whether such testimony crosses the line into the realm of "scientific, technical, or other specialized knowledge," in which case "its admissibility should be assessed under Rule 702, not Rule 701." *United States v. Kilpatrick*, 798 F.3d 365, 381 (6th Cir.), *cert. denied sub nom. Ferguson v. United States*, 136 S. Ct. 700, 193 L. Ed. 2d 522 (2015), and *cert. denied*, 136 S. Ct. 2507 (2016) (citing *United States v. Garcia*, 413 F.3d 201, 215 (2d Cir. 2005)). The Court agrees that the opinions Plaintiffs intend to have their witnesses offer that Gilbert Dagraedt had a "severe mental condition," "is depressed in his behavior," and that he "lacks mental competency" indeed require such specialized knowledge, and are therefore inadmissible under Rule 701.

Courts have held that the opinions of lay witnesses that relate to mental capacity or legal conclusions are indeed outside the purview of Rule 701. *See United States v. Holden*, 625 F. App'x 316, 318 (9th Cir. 2014) ("The court was reasonable in believing that testimony regarding medications and their effect on Holden's mental capacity would be based on scientific knowledge outside the scope of Federal Rule of Evidence Rule 701."); *United States v. El-Mezain*, 664 F.3d 467, 511 (5th Cir. 2011), *as revised* (Dec. 27, 2011) ("It is also generally prohibited for a lay witness to interpret statutes and to give legal opinions.") Here, whether an individual is "competent," "suffers from depression," or has a "severe mental condition" are the

type of determinations having such medical and legal significance so as to make them improper under Rule 701.

Moreover, the Court does not foresee that the exclusion of such testimony will hinder Plaintiffs in meeting their burden in this case. To demonstrate the tolling of the statute of limitations applicable in this action, Plaintiffs must prove that Plaintiff Gilbert Dagraedt "was, at the time the cause of action accrued, . . . of unsound mind." Ky. Rev. Stat. Ann. § 413.170(1). "The term 'unsound mind' within the meaning of KRS 413.170(1) has been interpreted by [the] Supreme Court [of Kentucky] to mean that the person claiming the disability must show that he has been rendered incapable of managing his own affairs." *Rigazio v. Archdiocese of Louisville*, 853 S.W.2d 295, 297 (Ky. Ct. App. 1993) (citing *Se. Kentucky Baptist Hosp., Inc. v. Gaylor*, 756 S.W.2d 467 (Ky. 1988)). Therefore, whether Plaintiff Gilbert Dagraedt was suffering from an "extreme mental condition," was "depressed," or was "competent" are not essential findings for an "unsound mind" under KRS 413.170(1). Although Plaintiffs' witnesses may not testify to those legal and medical conclusions, they may certainly testify as to their observations regarding Dagraedt's condition and ability to manage his affairs, so long as those observations are all rationally based on their own perceptions and helpful to the jury. Fed. R. Evid. 701.

## CONCLUSION

For the reasons stated herein, Defendant's second motion in limine [DN 23] is GRANTED.

IT IS SO ORDERED.

cc: Counsel of Record

5