UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:15-CV-160-TBR

FILED
VANESSA L. ARMSTRONG, CLERK
JUN 05 2017
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

**PEGGY A. SHINNICK,**
**as Power of Attorney for Gilbert Dagraedt;**

**and**

**GILBERT DAGRAEDT,**

**Plaintiffs**

**v.**

**SUPER 8 MOTEL,**

**Defendant**

# JURY INSTRUCTIONS

# INTRODUCTION

Members of the jury, it is now time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every civil case. Then I will explain the elements, or parts, of the claims and defenses in question.

You have two main duties as a juror: The first is to decide what the facts are from the evidence that you saw and heard here in Court. Deciding what the facts are is your job—not mine. Nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you and to apply it to the facts. It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial and these instructions now. All of the instructions are important, and you should consider them together as a whole.

The lawyers may have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. The law does not permit you to be governed by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as I give it to you, and reach a just verdict, regardless of the consequences.

The fact that the Plaintiff is an individual and the Defendant is a business must not enter into or affect your verdict. You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons stand equal before the law and are to be treated as equals.

You are to consider only the evidence in the case. Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and any facts and events that may have been admitted or stipulated. Statements and arguments by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion. In our lives, we often look at one fact and conclude from it that another fact exists. In law, we call this an "inference." You are allowed to make reasonable inferences, but any inference you make must be based on the evidence in the case.

Another part of your job as jurors is to decide how credible, or believable, each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions. Use your common sense and your everyday experience in dealing with other people, and then decide what testimony you believe and how much weight you think it deserves.

The weight of the evidence does not necessarily depend upon the number of witnesses who testify for either side.

During the trial of this case, certain testimony has been presented to you by way of deposition, consisting of sworn recorded answers to questions asked of the witness in advance of the trial by the attorneys for the parties to the case. The testimony of a witness who, for some reason, cannot be present to testify from the witness stand may be presented in writing under oath or in a video recording. You are to consider such testimony, to judge its credibility, and to assign it whatever weight you think it deserves in the same way as if the witness had been present and testified from the witness stand, insofar as that is possible.

Some of you have taken notes during the trial. You may use any notes taken by you during trial. However, the notes should not be substituted for your memory. Remember, notes are not evidence. If your memory should differ from your notes, then you should rely on your memory and not your notes. You should not be influenced by another juror's notes.

When you go to the jury room, you will select one juror to act as your foreperson. The foreperson will preside over your discussions and will speak for you here in Court. You will take these instructions to the jury room. When you have reached a unanimous agreement, your foreperson will complete, date, and sign your answers. Nothing I have said or done is intended to suggest what your verdict should be. That is entirely for you to decide.

Once you start deliberating, do not talk to the marshal or to anyone else, except your fellow jurors, about the case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, computer, or the Internet to communicate to anyone any information about this case or to conduct any research about this case until I accept your

verdict. You can only discuss the case in the jury room with your fellow jurors during deliberations.

If you have any questions or messages, you must write them down on a piece of paper, sign them, and give them to the marshal. The marshal will give them to me, and I will respond as soon as I can. I may have to talk to the parties about what you have asked, so it may take some time for me to get back to you.

One more thing about messages: Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

Your verdict or answer to any question must be unanimous. That is, all eight (8) members of the jury must agree on any answer to the question and on the verdict. It is your duty as jurors to discuss this case and to try to reach an agreement. You must each decide the case for yourself, but only after you have considered all of the evidence, discussed it fully with your fellow jurors, and listened carefully and respectfully to the views of the other jurors. No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. Do not be afraid to change your opinion if the discussion persuades you that you should. But do not make a decision simply because other jurors think that it is right, or simply to reach a verdict. Your sole interest is to seek the truth from the evidence.

# INSTRUCTION NO. 1

## Statement of the Case

Plaintiffs Peggy Shinnick and Gilbert Dagraedt allege that on July 8, 2013, Gilbert Dagraedt fell on the premises of the Super 8 Motel in Cadiz, Kentucky. Plaintiffs brought suit against Defendant on July 7, 2015 as a result. This case is not about whether Super 8 Motel is at fault, however. Rather, this case involves a preliminary issue that must be decided before the case can proceed. That issue is whether Gilbert Dagraedt was of unsound mind at the time he fell and, if so, whether he was of unsound mind for total of 365 or more days between July 8, 2013 and July 7, 2015.

# INSTRUCTION NO. 2

## Burden of Proof

The term "preponderance of the evidence" is used many times in these instructions and deserves some explanation before addressing the claims and defenses involved in the case. To establish something by a "preponderance of the evidence" means to prove that something is more likely so than it is not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared to that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true. It does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been established by a preponderance of the evidence in the case, you may—unless otherwise instructed—consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received into evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard applicable in criminal cases. It does not apply in civil cases, such as this one. Therefore, you should disregard it.

# INSTRUCTION NO. 3

## Unsound Mind

To prove that Gilbert Dagraedt was of unsound mind, Plaintiffs must prove, by a preponderance of the evidence, that Gilbert Dagraedt was incapable of managing his own affairs 1) at the time he fell on July 8, 2013 and 2) for a total of 365 days or more between July 8, 2013 and July 7, 2015.

These days do not have to run consecutively. This means that Gilbert Dagraedt could be of unsound mind for a period of days, followed by a period of sound mind, followed by another period of unsound mind, so long as the days when he was of unsound mind total to at least 365 days between July 8, 2013 and July 7, 2015.