UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:15-CV-00160-TBR

PEGGY A. SHINNICK, *et. al.*,                                                    PLAINTIFFS

v.

RAM KABIR, LLC,
d/b/a SUPER 8 MOTEL,                                                              DEFENDANT

### MEMORANDUM OPINION

This matter arises out of the fall of Plaintiff Gilbert Dagraedt on Defendant Super 8 Motel's premises in Cadiz, Kentucky on July 8, 2013. Plaintiffs filed the instant action two years later on July 7, 2015. Defendant moved for summary judgment, arguing that Plaintiffs' action was filed outside the one-year statute of limitations for personal injury actions codified in KRS § 413.140(1)(a) (providing that "[a]n action for an injury to the person of the plaintiff" must "be commenced within one (1) year after the cause of action accrued.") Plaintiffs argued, in response, that the statute of limitations was tolled because Dagraedt was of unsound mind at the time of the incident. *See* KRS § 413.170(1) ("If a person . . . was, at the time the cause of action accrued, . . . of unsound mind, the action may be brought within the same number of years after the removal of the disability . . . .")

The Court held a jury trial on June 5, 2017. The sole questions for the jury were whether Plaintiff was of unsound mind at the time of his fall and, if so, for a total of 365 days thereafter, which would toll the one-year statute of limitations and allow Plaintiffs to proceed with this action against Defendant. In response to the question "Do you find from a preponderance of the evidence that the Plaintiffs have established that Gilbert Dagraedt was of unsound mind,

1

meaning he was incapable of managing his own affairs, at the time he fell on July 8, 2013," the jury answered "No." [DN 46 (Jury Verdict).]

Federal Rule of Civil Procedure 56(f) provides that a court may, "[a]fter giving notice and a reasonable time to respond," grant summary judgment independent of a motion. *See* Fed. R. Civ. P. 56(f)(3); *Yashon v. Gregory*, 737 F.2d 547, 552 (6th Cir. 1984) (holding that district court must "afford the party against whom *sua sponte* summary judgment is to be entered ten-days notice and an adequate opportunity to respond"). Following the jury verdict, the Court gave Plaintiffs ten days to file a brief addressing whether a *sua sponte* grant of summary judgment in Defendant's favor is appropriate. [DN 50 (June 7, 2017 Order).] More a month has since passed, and Plaintiffs have filed no such response.

Accordingly, the Court finds that, because the jury determined that Dagraedt was not of unsound mind at the time he fell on July 8, 2013, the one-year statute of limitations was not tolled pursuant to KRS § 413.170(1), and therefore that Plaintiffs' personal injury action, filed on July 7, 2015, was untimely. Therefore, judgment as a matter of law in Defendant's favor is proper. *See Grand Rapids Plastics, Inc. v. Lakian*, 188 F.3d 401, 407 (6th Cir. 1999) (affirming the district court's *sua sponte* grant of summary judgment on statute of limitations grounds after affording the parties adequate notice and an opportunity to respond).

In sum, for the reasons stated herein, **IT IS HEREBY ORDERED** that, pursuant to Federal Rule of Civil Procedure 56(f), the Court **GRANTS** summary judgment in Defendant's favor. The Court will enter a separate Order and Judgment consistent with this Memorandum Opinion.

Date:

cc:     Counsel